[No. 7026.  Decided March 17, 1908.]

Paul Williams, *Respondent*, v. Hillman Investment
Company, *Appellant*.[1]

Vendor and Purchaser—Failure to Convey—Measure of Damages.  The measure of damages for failure of a vendor to convey real estate sold, where the sale was induced by false representations of the vendor which the vendee had a right to rely upon, is the difference between the value of the property at the time of demand for a deed and the amount of the balance then due from the vendee.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 27, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract.  Modified.

*Frederick R. Burch*, for appellant.
*Smith & Cole*, for respondent.

Root, J.—Defendant executed a contract for the sale of certain real estate to one Marguerite Foy, and subsequently executed a like contract for the same property to this plaintiff, and represented to him that Miss Foy had defaulted in her payments, that her contract had lapsed and was void, and that she was absent from the state.  Plaintiff, believing and relying upon these representations, made payments monthly upon the property for about a year, and then tendered to the defendant the balance due upon his contract and demanded a deed to the premises.  Defendant declined to furnish said deed, and claimed that he had been unable to secure from Miss Foy a release of her rights under her contract.

The trial court found that Miss Foy had been making her payments regularly as called for by her contract, and was living in the state, all of which was unknown to plaintiff, and that he had no means of ascertaining such facts.  Defendant

[1]Reported in 94 Pac. 653.

offered to refund the plaintiff the money he had paid, together with legal interest thereupon, but the latter refused to receive the same, and brought this action to recover damages in the amount of the difference between the purchase price and the value of the property at the time he demanded a deed therefor, its value having enhanced since the contract of purchase was made. The trial court also found that the market value of the property, at the time the deed was demanded, was $1,026.25, that the plaintiff had paid $120, and that there was a balance of principal and interest due upon the contract of $321.25. Upon these findings, the court concluded that the plaintiff was entitled to judgment against the defendant in the sum of $120, with interest, and for the amount of the market value of the premises less the amount then due, said difference being $775. Thereupon judgment was entered for said sums, and from this judgment the defendant appeals. No exceptions were taken to any of the findings.

The only question presented upon the appeal is that touching the correctness of the measure of damages and the amount of the judgment. Appellant maintains, (1) that respondent is entitled to recover only the amount of the money paid upon his contract together with legal interest; (2) that if this is not the correct measure of damages, then it should be the difference between the value of the property at the time the deed was demanded and the amount then due from respondent. It appearing that the appellant was guilty of misrepresentation, and that this misrepresentation had to do with facts within its own knowledge, but which were not and could not in the ordinary course of conduct be ascertained by the respondent, but which were well calculated to deceive and mislead a man of ordinary business prudence, we think that the measure of damages was the difference between the value of the property at the time the deed was demanded and the amount of the balance then due from respondent; that respondent had his choice of asking such damages or of receiving back his money with legal interest thereupon. In other words, the re-

spondent, upon tendering to appellant the balance due upon his contract, was entitled to receive a conveyance of the property—to thereby acquire the property. Appellant being unable to convey to him the property, was, as a matter of right and justice, in duty bound to give him its equivalent, to wit, its value, $1,026.25, less the amount which was yet due from respondent on the purchase price. The trial court, however, gave judgment not only for this amount, but also for the $120 already paid, together with interest thereupon. This was erroneous, and was admitted so to be by respondent's attorneys in their brief. The judgment of the honorable superior court will be modified by reducing the recovery to the sum of $775 with legal interest thereupon from the date of its entry, and in such amount the judgment is affirmed.

HADLEY, C. J., CROW, MOUNT, and FULLERTON, JJ., concur.